IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DARRYL JAYVONN LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-07-498-M |
| v. | ) | |
| | ) | |
| JOHN WHETSEL, SHERIFF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a Texas state prisoner appearing *pro se* and *in forma pauperis,* brings this civil rights action pursuant to 42 U.S.C. §1983. In his Complaint, Plaintiff alleges various constitutional deprivations, including an unreasonable search and seizure, denial of extradition hearing, and denial of counsel "to challenge the legality of this unlawful arrest, detention and extradition," and seeks damages from Defendants Oklahoma County Sheriff Whetsel, Oklahoma County Sheriff's Office official Lilly, and "(2) unknown Oklahoma County Detectives." The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the cause of action be dismissed upon filing pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b) for the reason that it is frivolous and fails to state a claim upon whiche relief may be granted.

I. Initial Review under 28 U.S.C. §§1915A and 1915(e)(2)(B)

In considering a civil complaint filed by a prisoner, the court has the responsibility to

screen as soon as possible a complaint in a civil action filed by a prisoner in which the prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the court must dismiss a prisoner's cause of action seeking relief from a governmental entity or officer or employee of a governmental entity at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915A(b). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed *in forma pauperis* against any defendant at any time the court determines one of the above is present.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege he or she was deprived of a right "secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Amer. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).[1] In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's factual allegations to be true and construes them in the light most favorable to the plaintiff. Id. A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v.

[1]The "standard for dismissal for failure to state a claim is essentially the same under" both Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. §1915(e)(2)(B)(ii). Curley v. Perry, 246 F.3d 1278, 1283 (10th Cir.), cert. denied, 534 U.S. 922 (2001).

Kerner, 404 U.S. 519, 520 (1972).  However, the "broad reading" of *pro se* complaints dictated by Haines "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110.  The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

II. Background

While Plaintiff sets forth only a selective set of allegations in his Complaint to support his claims, findings contained in the decisions in other causes of action filed by Plaintiff seeking habeas relief in the United States District Court for the Northern District of Texas elucidate the factual background of the instant action.  In Lee v. Dretke, 2006 WL 2707362 (N.D. Tex. Sept. 18, 2006)(unpublished op.), the court found the following facts:

> On May 4, 2004, petitioner was convicted of the felony offense of assault on a public servant out of the 156th Judicial District Court of Bee County, Texas, and received a twenty (20) year sentence for such offense. Ex parte Lee, App. No. 33,551-09 at 16-18.  Petitioner was extradited to Oklahoma County, Oklahoma on August 24, 2004 pursuant to the Interstate Agreement on Detainers. (December 2, 2005 Report and Recommendation 2:05-CV-0219 at 2).  According to petitioner, the Oklahoma charges were dismissed on April 1, 2005 (Petitioner's Writ Application at 7B).  However, petitioner was not transported back to the custody of Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) pursuant to the Interstate Agreement on Detainers. (December 2, 2005 Report and Recommendation 2:05-CV-0219 at 2). Instead, petitioner Lee was released from custody, but was arrested approximately two months later and returned to TDCJ-CID custody at that time. (Petitioner's Writ Application at 7B).

Id. at *1. In that case, the court found that Plaintiff had not exhausted state court remedies concerning his habeas claims that "1. His return to TDCJ-CID custody to serve out the remaining portion of his sentence constitutes a violation of the Double Jeopardy clause; 2. He was denied an extradition hearing; 3. His return to TDCJ-CID custody was executed pursuant to an unreasonable search and seizure; 4. He was denied effective assistance of counsel; and 5. He has been denied the right to file a state writ of habeas corpus." Id. at *2-*3.The same factual findings appear in an opinion by the same court which reached the same conclusion with respect to an earlier habeas corpus petition filed by Plaintiff. Lee v. Dretke, 2005 WL 3534202 (N.D. Tex. Dec. 22, 2005)(unpublished op.).

In his Complaint filed herein, Plaintiff asserts in count one that Defendants are liable to him for monetary damages for an "unreasonable search and seizure" due to his arrest on June 1, 2005, by Defendant Lilly "and the unknown Oklahoma County Sheriff Detectives" who "intru[ded] into Plaintiff's girlfriend's residence without the presentment of a search or fugitive warrant." Complaint, at 3. Plaintiff alleges that following his arrest he was transported to the Oklahoma County Detention Center and his property was inventoried, that "[a]n hour later (2) unknown Oklahoma County Sheriff Detectives transported Plaintiff to Huntsville, Texas Byrd Unit," and that "to this date Plaintiff remains incarcerated as a result of this wrongful arrest and extradition." Complaint, at 2.

In count two, Plaintiff alleges that Defendants are liable to him because he was denied his "right to appear before a magistrate judge in a [sic] extradition hearing to contest the legality of this arrest[,] detention and wrongful extradition." Complaint, at 3. Plaintiff further

alleges that he was "entitled to a [sic] extradition hearing before the (2) unknown Oklahoma County Sheriff Detectives transported Plaintiff to Huntsville, Texas Byrd Unit." Id.

In count three of the Complaint, Plaintiff asserts that "[a]fter this unlawful arrest on June 1, 2005 Defendant Sheriff John Whetsel denied Plaintiff the right to contact and consult an attorney to challenge the legality of this unlawful arrest, detention and extradition which deprived Plaintiff of vital rights." Complaint, at 4. In count four, Plaintiff asserts that "[o]n June 1, 2005 Defendants Jimmy Lilly, Sheriff John Whetsel and the (2) unknown Detectives committed conspiracy to deprive Plaintiff of due process rights by falsely claiming that Plaintiff escaped from the Oklahoma County Detention Center on April 4, 2005, after Judge Ray C. Elliot released Plaintiff." Complaint, att.

Public records available on the internet reflect that Plaintiff was charged with Rape in the First Degree in the District Court of Oklahoma County, Case No. CF-2003-5314, and that a warrant for his arrest was issued on October 2, 2003. <www.oscn.net> (docket sheet in State of Oklahoma v. Rubin Russell and Darryl Javonn Lee, Case No. CF-2003-5314, District Court of Oklahoma County)(accessed May 21, 2007). The docket sheet filed in that case shows that Plaintiff appeared in court for several proceedings in that case, including a preliminary hearing. The charge against Plaintiff in Oklahoma County was dismissed at the request of the prosecution on April 4, 2005.

III. Analysis

As the Supreme Court has described it, "[t]he Interstate Agreement on Detainers (IAD) is a compact entered into by 48 States, the United States, and the District of Columbia

to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." New York v. Hill, 528 U.S. 110, 111 (2000). "A State seeking to bring charges against a prisoner in another State's custody begins the process by filing a detainer, which is a request by the State's criminal justice agency that the institution in which the prisoner is housed hold the prisoner for the agency or notify the agency when release is imminent." Id. at 112. "After a detainer has been lodged against him, a prisoner may file a 'request for a final disposition to be made of the indictment, information, or complaint.'" Id. (quoting IAD, art. III(a)). "Resolution of the charges can also be triggered by the charging jurisdiction, which may request temporary custody of the prisoner for that purpose." Id.

As recently described by the Tenth Circuit Court of Appeals, "[t]he IAD creates among its contracting parties uniform procedures for lodging and executing a detainer, 'a legal order that requires a State in which an individual is currently imprisoned to hold that individual ... so that he may be tried by a different State for a different crime.'" United States v. Pursley, 474 U.S. 757, 761 (10th Cir. 2007)(quoting Alabama v. Bozeman, 533 U.S. 146, 148 (2001). The IAD "provides for expeditious delivery of the prisoner to the receiving State for trial prior to the termination of his sentence in the sending State" and "seeks to minimize the consequent interruption of the prisoner's ongoing prison term." Pursley, 474 U.S. at 762 (quoting Bozeman, 533 U.S. at 148). "Under Article V(e) [of the IAD], a prisoner should be returned to the sending state to resume his original sentence following the disposition of the receiving state's trial." Id. at 764.

Oklahoma has adopted the Interstate Agreement on Detainers. Okla. Stat. tit. 22, §

1347. Under the IAD, "[f]or all purposes other than that for which temporary custody ... is exercised, the prisoner shall be deemed to remain in the custody of and subject to the jurisdiction of the sending state and any escape from temporary custody may be dealt with in the same manner as an escape from the original place of imprisonment or in any other manner permitted by law." Okla. Stat. tit. 22, § 1347, art. V(g).

Plaintiff has not alleged or shown that he had discharged the Texas sentence he was serving at the time he was temporarily transferred from Texas custody to custody in Oklahoma County under the IAD for the prosecution of the pending rape charge. Thus, when the prosecution of that criminal charge ended with the dismissal of the charge, it was the responsibility of Oklahoma pursuant to the IAD to return Plaintiff to Texas to complete his sentence there. However, Oklahoma County Detention Center officials apparently mistakenly released Plaintiff from confinement in contravention to the requirements of the IAD that Plaintiff be returned to Texas custody following disposition of the Oklahoma criminal charge. Plaintiff's subsequent arrest approximately two months later by Oklahoma law enforcement authorities and his return to Texas custody to complete his Texas sentence did not violate Plaintiff's rights under the IAD, the Constitution, or Oklahoma's Uniform Criminal Extradition Act, which was not implicated. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to any Defendant, and his 42 U.S.C. § 1983 action against Defendants is frivolous as it lacks a legal basis. The cause of action should therefore be dismissed on these grounds pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be DISMISSED with prejudice as it fails to state a claim for relief and is frivolous. Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A(b) or §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g) upon affirmance or waiver of his opportunity to appeal. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 12th, 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 23rd day of May, 2007.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE